UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES

– against –

JIA WU CHEN,

Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

95-cr-870 (ERK)

KORMAN, *J.*:

Defendant Jia Wu Chen ("Chen") is serving a statutorily mandated life sentence after pleading to three counts of hostage taking, one of which resulted in death. Chen's heinous offense conduct included murder, kidnapping, rape, and torturing his victims. Chen, proceeding *pro se*, now petitions to vacate his conviction pursuant to 28 U.S.C. § 2255. Chen also requests an evidentiary hearing under 28 U.S.C. § 2255, and for a psychological examination under 18 U.S.C. § 4147(c) and Federal Rule of Civil Procedure 35(a)(1). *See* ECF Nos. 307, 312, 313. The petition and Chen's subsequent motions are denied.

**I.     Section 2255**

To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete

1

miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted).

As an initial matter, Chen's petition is untimely. Section 2255(f) provides that a petitioner has one year to file a habeas petition from the latest of the following four dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Chen attempts to avail himself of only the third exception to the statute of limitations by asserting that two recent Supreme Court opinions reflect an intervening change in law in his favor. *See* ECF No. 307 at 12. As discussed below, the Supreme Court cases cited by Chen do not apply to his crime of conviction (hostage taking) nor his mandatory life sentence, and Chen's explanation as to the untimeliness of his petition is therefore wholly inadequate.

**A. *Davis* and *Taylor***

Chen argues that that he is innocent of the hostage taking charges in light of the Supreme Court's recent opinions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022). Specifically, Chen contends that under *Davis* and *Taylor*, hostage taking does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), and that prior to *Davis* and *Taylor*, the prosecution would have had to prove at trial that actual force was used to seize or detain a victim to secure a conviction on hostage taking charges.

Neither *Davis* nor *Taylor* is applicable to Chen's circumstances. In *Davis*, the Court held that the "residual clause" of Section 924(c)(3)(B) was unconstitutionally vague. *See* 139 S. Ct. at 2336. Chen did not plead guilty to a Section 924(c) charge, and therefore was not subject to that statute's sentencing enhancements. Indeed, as part of his plea agreement, Chen only pled as to three hostage taking charges, and all outstanding charges—including the four Section 924(c) charges—were dismissed at sentencing. *See* Sentencing Tr. at 6:25-7:2. Chen's mandatory life sentence is not related to Section 924(c) sentencing enhancements, but rather was mandated by the binary provision of 18 U.S.C. § 1203(a), which provides that hostage taking resulting in death shall be punished by "death or life imprisonment." And as the U.S. Attorney observes, the three hostage taking counts were standalone charges—not predicate crimes to Section 924(c).

*Taylor* likewise involved a defendant pleading to one count of Hobbs Act robbery and one Section 924(c) count, the latter of which was predicated on the defendant admitting that he had committed, conspired, and attempted to commit Hobbs Act robbery. *See* 142 S. Ct. at 2019. The Court held that attempted Hobbs Act robbery is not a "crime of violence" under Section 924(c)(3)(A). *Id*. at 2021. The Court's decision did not address whether hostage taking is a crime of violence, and in any event, Section 924(c) sentencing enhancements are irrelevant as to Chen for the reasons already stated. Indeed, as the U.S. Attorney remarks, even if Chen had plead guilty to a Section 924(c) charge, any applicable sentencing enhancements would be meaningless because the standalone hostage taking count that resulted in the death of a victim imposed a mandatory minimum sentence of life imprisonment.

### B. Ineffective Assistance

To vacate a conviction for ineffective of counsel, a defendant must demonstrate by a preponderance of the evidence that "counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Chen has not met the "heavy burden" of satisfying this test. *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).

Chen's self-serving assertion that his counsel—Gerald Shargel—did not explain the meaning of "seize and detain" as contained in the hostage taking statute

4

does not amount to a violation of a lawyer's basic duties of loyalty, avoidance of conflicts, and zealous advocacy. Chen's counsel performance was eminently reasonable in successfully negotiating a plea under which the United States agreed to withdraw its notice of its intent to seek the death penalty. And his counsel's purported failure to explain a specific term in the text of a statute—a complaint that Chen now raises decades after his guilty plea—does not amount to an objectively unreasonable performance.

    Chen also fails to demonstrate how any ineffective assistance has prejudiced him. Chen argues that his counsel should have explained to him that "seize and detain" required the prosecution to prove at trial that an element of force was used. This argument is immaterial, because the discussion in *Davis* and *Taylor* regarding the use of force are not relevant to the hostage taking statute, nor was Chen subject to the sentencing provisions in Section 924(c) which provide enhancements for crimes of violence. Moreover, the binary provision of 18 U.S.C. § 1203(a) provides that hostage taking resulting in death shall be punished by "death or life imprisonment." And indeed, Chen's plea agreement (Exhibit 1) states that Count Four—hostage taking resulting in death—carried a minimum penalty of life imprisonment. Should Chen have elected to go to trial, therefore, his likely conviction on the hostage taking counts would have—at best—also resulted in a life

5

sentence. Nothing in the record suggests that Chen did not have a complete understanding of his plea and its implications.

## II.     Evidentiary Hearing

Section 2255(b) provides that a "prompt hearing" shall be provided "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As discussed above, Chen's motion does not present any facts or argument demonstrating that he is entitled to relief under Section 2255, and his motion for an evidentiary hearing is therefore denied.

## III.    Psychological Examination

Chen's motion for a psychological examination is also denied. 18 U.S.C. § 4247(c) provides the "formal requirements for a psychological report if such a report is ordered by the court." *United States v. Dimartino*, 949 F.3d 67, 74 (2d Cir. 2020) (internal quotation marks omitted). Chen provides no coherent reasons why he is entitled to such a report, beyond his request to know "whether he suffers from a mental health defect or disease after being falsely accused and confined, and threatened with the death penalty by the United States." ECF No. 312 at 3. Moreover, Chen's speculation as to whether such a report would show whether he is "mentally fit to return to society as a constructive member without posing a threat or danger" is irrelevant in light of his life sentence. *Id*. Nor is the mental

6

examinations provision in Federal Rule of Civil Procedure 35(a) applicable to the circumstances presented here.

## CONCLUSION

Chen's petition (ECF No. 307) and subsequent motions (ECF Nos. 312, 313) are **DENIED**. Chen's motion to correct the docket (ECF No. 317) and motion to have his state sentence run concurrent to his federal sentence (ECF No. 318) are **DENIED** as moot.

**SO ORDERED.**

Brooklyn, New York
August 11, 2023

*Edward R. Korman*
Edward R. Korman
United States District Judge