| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| – against – | |
| JIA WU CHEN, | 95-CR-870 (ERK) |
| Defendant. | |

KORMAN, *J*.:

Defendant Jia Wu Chen, with the assistance of counsel, moves under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)") for relief from the order denying his petition to vacate his conviction pursuant to 28 U.S.C. § 2255. Chen also moves *pro se* for a psychiatric examination. For the reasons set forth below, Chen's Rule 60(b)(6) motion and motion for a psychiatric examination are denied.

I. **Background**

I presume the parties' familiarity with the underlying facts of this case. In brief, Chen was a member of a criminal gang known as the "Plum Blossom Boys," which committed a series of violent robberies and kidnappings between February and September 1995. Chen pleaded guilty to three counts of hostage taking, including one count resulting in death, in violation of 18 U.S.C. § 1203(a). ECF No. 108; ECF No. 164. On February 21, 1997, Chen was sentenced to life in prison, *see* ECF No. 262 at 6:16–20, as mandated by § 1203(a), which provides that hostage

1

taking resulting in death shall be punished by "death or life imprisonment," 18 U.S.C. § 1203(a). Chen is currently incarcerated at USP Atwater.

Chen has filed several prior motions for postconviction relief. As relevant to the instant motion, Chen petitioned to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that he was actually innocent according to the Supreme Court's decisions in *United States v. Taylor*, 596 U.S. 845 (2022), and *United States v. Davis*, 588 U.S. 445 (2019), and that he received ineffective assistance of counsel. ECF No. 307. Chen subsequently requested an evidentiary hearing under 28 U.S.C. § 2255 to determine whether the terms "seize and detain" were explained to him prior to his guilty plea. ECF No. 313. He also moved for a psychiatric examination under 18 U.S.C. § 4247 and Federal Rule of Civil Procedure 35(a)(1) to determine if he would be mentally fit to return to society or to stand trial if the court ordered a new trial. ECF No. 312. I denied Chen's § 2255 petition and related motions, finding that his petition was untimely and his claims were without merit, ECF No. 320, and I also denied a certificate of appealability, ECF Order of Aug. 11, 2023. Chen moved for a certificate of appealability, ECF No. 321, and the Second Circuit denied his motion and dismissed his appeal, *Chen v. United States*, No. 23-7020 (2d Cir. Jan. 22, 2024).

Chen now moves under Rule 60(b)(6) for relief from the order denying his § 2255 petition.[1] ECF No. 339. The United States Attorney opposes the motion. ECF No. 345.

## II. Legal Standard

Rule 60(b)(6) allows district courts to relieve parties from judgment for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Nevertheless, relief under this subsection is granted only "in cases presenting extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (quoting *First Fid. Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989)).

In the habeas context, "relief under Rule 60(b) is available . . . only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). "If a purported Rule 60(b) motion attacks the underlying criminal proceedings, a district court has two procedural options: The court may (1) recharacterize the Rule 60(b) motion as a new habeas petition (which, if it is 'second or successive,' should be transferred to the Second Circuit for possible certification), or (2) deny the portion of the motion attacking the underlying

---

[1] Chen also requests that I "order [Chen] be released from Federal Prison subject to supervised release." ECF No. 339 at 12. This requested relief is not appropriate in a Rule 60(b)(6) motion, however, and is therefore denied.

3

conviction as beyond the scope of Rule 60(b)." *Patterson v. United States*, No. 06-CR-80, 2015 WL 5033900, at *3 (S.D.N.Y. Aug. 26, 2015).

### III.    Discussion

Chen argues that the order denying his § 2255 petition should be vacated for four primary reasons. First, he argues his original § 2255 petition was "defect[ive]" because "[a] jailhouse lawyer prepared and filed [the petition]," raising claims under *Davis* and *Taylor* despite the fact that these cases do not "relate in any way shape or form to the [] charges of hostage taking under [§] 1203(a)" and "raising ineffective assistance years after the 1-year deadline," thereby "triggering the restrictions under 28 USC [§] 2255(h) concerning successive habeas petitions." ECF No. 339 at 2. He also argues that "extraordinary circumstances exist justifying relief" because "new evidence" shows that "the brain is still developing in young adults" and therefore his "sentence violates the Eighth Amendment against cruel and inhuman punishment." *Id.* at 1–2. Similarly, he argues that his "continued incarceration . . . after 29 years creates the risk of undermining public confidence in the judicial system in that despite [a] growing consensus in the United States concerning [life without parole], our Nation is among the minority in continuing [life without parole]." *Id.* at 2–3. Finally, he argues that relief should be granted because he "has family on the outside, has taken courses in prison, and would not likely pose a threat to society after serving 29 years in jail." *Id.* at 3.

4

Chen's first argument—that his § 2255 petition was defective because, on the advice of a jailhouse lawyer, he raised arguments that were irrelevant and without merit and he is now precluded from bringing a second petition under 28 U.S.C. § 2255(h)—arguably attacks the integrity of his habeas proceeding. Nevertheless, it is meritless. As an initial matter, it does not appear that Chen's § 2255 petition was prepared by a licensed attorney. Chen signed his § 2255 petition and noted in the petition that he was a "Pro se litigant." ECF No. 307 at 12. Indeed, courts have recognized that jailhouse lawyers are typically "seasoned fellow inmate[s]" without formal legal training. *See Harrison v. Senkowski*, 247 F.R.D. 402, 416 (E.D.N.Y. 2008); *accord Bourdon v. Loughren*, 386 F.3d 88, 97 n.12 (2d Cir. 2004) ("'Jailhouse lawyers,' also called 'inmate writ writers,' are prisoners who assist other prisoners on applications for the writ of habeas corpus and other legal matters."). Accordingly, although Chen may have relied on the advice of a jailhouse lawyer in preparing his § 2255 petition, he maintained ultimate control over the petition and is responsible for any errors or defects within the petition. *Cf. Hamilton v. Warden of Clinton Corr. Facility*, 573 F. Supp. 2d 779, 781 (S.D.N.Y. 2008) ("[The defendant] had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of it to [a jailhouse lawyer], or his own ignorance of the filing deadlines, constitutes sufficient 'extraordinary circumstances' to warrant equitable tolling."). That Chen may have received erroneous advice from a jailhouse lawyer while preparing his petition does

5

not amount to "extraordinary circumstances" to vacate the order denying the petition under Rule 60(b)(6). *See Webster v. Paramo*, No. 14-CV-0994, 2022 WL 17861446, at *1 (S.D. Cal. Dec. 22, 2022) (concluding that jailhouse lawyer's alleged "fail[ure] to raise a number of arguments that would have resulted in the granting of [defendant's] petition" did not amount to "extraordinary circumstances" to warrant relief under Rule 60(b)(6)); *As-Sakaf v. Lee*, No. 99-CV-8610, 2013 WL 244981, at *1 (E.D.N.Y. Jan. 22, 2013) (concluding that jailhouse lawyer's alleged failure to file defendant's habeas petition within the limitations period did not amount to "extraordinary circumstances" to warrant relief under Rule 60(b)(6)).

Moreover, even assuming that a jailhouse lawyer is subject to the same standards of conduct as a licensed attorney in this context, Chen still would not be entitled to relief under Rule 60(b)(6). There is no constitutional right to counsel in habeas proceedings, and the Second Circuit has recognized that "relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct" should be granted "*very* rarely" in civil proceedings. *Harris*, 367 F.3d at 81 (emphasis in original). "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Id.* (citations omitted). Chen has not shown that his jailhouse lawyer's conduct amounted to an "abandonment" of his case—either physical or constructive. Although Chen's § 2255 petition raised arguments that were not

6

ultimately relevant to his conviction, this does not amount to abandonment by the jailhouse lawyer because Chen still had the opportunity to be heard through his petition. *See id.* ("[A] Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all."); *see also Murph v. United States*, No. 13-CV-2594, 2020 WL 5577731, at *5 (E.D.N.Y. Sept. 17, 2020) ("[A] counsel's failure to find plausible grounds for obtaining § 2255 relief and a petitioner's dissatisfaction with counsel are not grounds for a court to find constructive abandonment.").

Chen's second and third arguments—that his sentence of life without parole violates the Eighth Amendment and undermines public confidence in the judicial system—attack his underlying conviction rather than the integrity of his habeas proceeding. His final argument—that he would not likely pose a threat to society if released—also does not attack the integrity of his habeas proceeding. Accordingly, these arguments are beyond the scope of Rule 60(b) and cannot serve as a basis for relief from the order denying Chen's § 2255 petition. Chen's Rule 60(b)(6) motion is therefore denied.

## IV. Motion for Psychiatric Examination

Chen also moves *pro se* for the "appointment of [a] professional psychologist . . . in support of his compassionate release motion under USSG § 1B1.13(b)(5) and (6) [and] [p]ursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." ECF No.

7

341 at 3. Chen does not currently have a motion for compassionate release pending before the Court, however, and I decline to construe his counseled Rule 60(b)(6) motion as such, particularly because I have previously considered and ruled on two such motions by this defendant. *See* ECF Order of Mar. 23, 2022; ECF Order of July 31, 2024. Moreover, Chen is not entitled to a psychiatric examination, *see* 18 U.S.C. § 4241 *et seq.*, and he provides no reason for ordering one beyond his desire for a psychologist to "examine and diagnose his mental and emotional state [to] determine whether his condition enables him to return to society without inflicting harm to himself or others, if released, and to ensure that he poses no threat or danger to the safety [of] any other person or the community, or the public at large," ECF No. 341 at 2. Because Chen is serving a life sentence, a psychiatric examination to determine whether he is fit to return to society is unnecessary. Accordingly, Chen's motion for a psychiatric examination is denied.

### V. Conclusion

For the foregoing reasons, Chen's motion pursuant to Rule 60(b)(6) is denied. His motion for a psychiatric examination is also denied.

SO ORDERED.

Brooklyn, New York  
May 5, 2025

*Edward R. Korman*  
Edward R. Korman  
United States District Judge